Craig S. Summers (State Bar No. 108,688)
Craig.summers@knobbe.com
David G. Jankowski (State Bar No. 205,634)
David.jankowski@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
GUNNAR OPTIKS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNNAR OPTIKS LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLURE EYEWEAR LLC, a Delaware limited liability company; AND MARCHON EYEWEAR, INC., a Delaware corporation.<br><br>　　　　　Defendants. | **'13CV1320 BTM RBB**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gunnar Optiks LLC for its Complaint against Defendants Marchon Eyewear, Inc. and Allure Eyewear LLC, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PARTIES

4. Plaintiff Gunnar Optiks LLC ("Gunnar") is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 705 Palomar Airport Road, Carlsbad, California 92011.

5. Upon information and belief, Defendant Allure Eyewear LLC ("Allure") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 48 West 37th Street, 8th Floor, New York, NY 10018.

6. Upon information and belief, Defendant Marchon Eyewear, Inc. ("Marchon") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 201 Old Country Road, Melville, New York 11747.

7. Upon information and belief, Defendants Allure and Marchon (jointly, "Defendants") conduct business together relating to eyewear products throughout the United States, including in this Judicial District, and have committed the acts complained of in this Judicial District and elsewhere. Upon information and belief, Allure is a wholly-owned subsidiary of Marchon.

/ / /

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,976,157

8. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–7 above.

9. On July 12, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,976,157 ("the '157 patent"), entitled "Eyewear For Reducing Symptoms Of Computer Vision Syndrome." Gunnar owns the '157 patent. A true and correct copy of the '157 patent is attached hereto as Exhibit A and is incorporated herein by reference.

10. Upon information and belief, each of the Defendants directly, indirectly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, has infringed and continues to infringe the '157 patent in violation of 35 U.S.C. § 271(a), (b), (c), (f) and/or (g) by its manufacture (or inducement of others to infringe through their manufacture, with Defendant's knowledge and intent that the manufactured good infringes), use (or inducement of others to infringe through their use, with Defendant's knowledge and intent that the use infringes), sale (or inducement of others to infringe through their sale, with Defendant's knowledge and intent that the sale infringes), offer for sale (or inducement of others to infringe through their offer for sale, with Defendant's knowledge and intent that the offer for sale infringes), and/or importation into the United States (or inducement of others to infringe through their importation, with Defendant's knowledge and intent that the importation infringes) eyewear products within this Judicial District and elsewhere in the United States that infringe one or more claims of the '157 patent. An example of an infringing product includes Defendants' CALL OF DUTY Black Ops II gaming eyewear.

11. Defendants had actual knowledge of the '157 patent prior to the filing of this Complaint.

12. Defendants' infringement of the '157 patent is causing irreparable harm to Gunnar, for which there is no adequate remedy at law. Defendants' infringement will continue, and will continue to cause irreparable harm to Gunnar, unless Defendants' infringement is enjoined by this Court.

13. Upon information and belief, Defendants have derived and received, and will continue to derive and receive (unless enjoined), gains, profits, and advantages from their infringement of the '157 patent in an amount that is presently unknown to Gunnar.

14. Gunnar has suffered and will continue to suffer damage to its business by reason of Defendants' acts of infringement of the '157 patent as alleged herein, and Gunnar is entitled to recover from Defendants the damages Gunnar has sustained pursuant to 35 U.S.C. § 284.

15. Defendants have engaged and continue to engage in a pattern of conduct demonstrating willful infringement of the '157 patent, including: Defendants' awareness of Gunnar's products and intellectual property rights, including the '157 patent; the objectively high likelihood that Defendants' actions constituted and continue to constitute infringement of the '157 patent; and that this objectively high likelihood was and is so obvious that Defendants should have known it and do know it.

16. Upon information and belief, Gunnar alleges that Defendants' actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Gunnar to an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 8,342,681

17. Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–7 above.

18. On January 1, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,342,681 ("the '681 patent"), entitled

"Eyewear For Reducing Symptoms Of Computer Vision Syndrome." Gunnar owns the '681 patent. A true and correct copy of the '681 patent is attached hereto as Exhibit B and is incorporated herein by reference.

19. Upon information and belief, each of the Defendants directly, indirectly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, has infringed and continues to infringe the '681 patent in violation of 35 U.S.C. § 271(a), (b), (c), (f) and/or (g) by its manufacture (or inducement of others to infringe through their manufacture, with Defendant's knowledge and intent that the manufacture good infringes), use (or inducement of others to infringe through their use, with Defendant's knowledge and intent that the use infringes), sale (or inducement of others to infringe through their sale, with Defendant's knowledge and intent that the sale infringes), offer for sale (or inducement of others to infringe through their offer for sale, with Defendant's knowledge and intent that the offer for sale infringes), and/or importation into the United States (or inducement of others to infringe through their importation, with Defendant's knowledge and intent that the importation infringes) eyewear products within this Judicial District and elsewhere in the United States that infringe one or more claims of the '681 patent. An example of an infringing product includes Defendants' CALL OF DUTY Black Ops II gaming eyewear.

20. Defendants had actual knowledge of the '681 patent prior to the filing of this Complaint.

21. Defendants' infringement of the '681 patent is causing irreparable harm to Gunnar, for which there is no adequate remedy at law. Defendants' infringement will continue, and will continue to cause irreparable harm to Gunnar, unless Defendants' infringement is enjoined by this Court.

22. Upon information and belief, Defendants have derived and received, and will continue to derive and receive (unless enjoined), gains,

profits, and advantages from their infringement of the '681 patent in an amount that is presently unknown to Gunnar.

23. Gunnar has suffered and will continue to suffer damage to its business by reason of Defendants' acts of infringement of the '681 patent as alleged herein, and Gunnar is entitled to recover from Defendants the damages Gunnar has sustained pursuant to 35 U.S.C. § 284.

24. Defendants have engaged and continue to engage in a pattern of conduct demonstrating willful infringement of the '681 patent, including: Defendants' awareness of Gunnar's products and intellectual property rights, including the '681 patent; the objectively high likelihood that Defendants' actions constituted and continue to constitute infringement of the '681 patent; and that this objectively high likelihood was and is so obvious that Defendants should have known it and do know it.

25. Upon information and belief, Gunnar alleges that Defendants' actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Gunnar to an award of attorneys' fees.

## **PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Gunnar requests judgment and relief in its favor as follows:

A. A judgment that Defendants have each infringed U.S. Patent Nos. 7,976,157 and 8,342,681;

B. Preliminary and permanent injunctions against further infringement of U.S. Patent Nos. 7,976,157 and 8,342,681 by Defendants;

C. An award of damages derived from the infringement by Defendants;

D. An award of taxable costs;

E. A determination that this case is an exceptional case within the meaning of 35 U.S.C. § 285, together with an award of reasonable attorneys' fees, expenses, and costs; and

F. Such other relief as this Court may deem just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2013          By: s/ David G. Jankowski
                                  Craig S. Summers
                                  David G. Jankowski

                                  Attorneys for Plaintiff
                                  Gunnar Optiks LLC

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Gunnar Optiks LLC demands a trial by jury of all issues raised by the pleadings which are triable by jury.

                                              KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2013        By: s/ David G. Jankowski
                                          Craig S. Summers
                                          David G. Jankowski

                                          Attorneys for Plaintiff
                                          Gunnar Optiks LLC

15534912